UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-00294-JPC-1 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | |
| ANDRE MURRY, | ) ) | |
| Defendant. | ) ) | |

**AMENDED OPINION AND ORDER**

Defendant Andre Murry moves the Court for temporary release under 18 U.S.C. § 3142(i) on the ground that his mother's impending death due to illness constitutes a compelling reason for release within the meaning of the statute. (ECF No. 52.) The United States opposes the request. (ECF No. 55.) On June 28, 2021, the Court held a hearing on the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Murry was arrested on May 4, 2021 in the Eastern District of Michigan on an indictment charging that he, along with several co-defendants, violated various federal drug and racketeering statutes. Specifically, Mr. Murry was charged in Count 1 with conspiracy to distribute and possess with intent to distribute oxycodone and fentanyl in violation of 21 U.S.C. § 846 and with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C) in Counts 2, and 3. (ECF No. 1, ¶¶ 1–69, 70 & 71, PageID #1–21 & 22.) Counts 7 and 9 charge racketeering offenses under 18 U.S.C. § 1952(a)(3). (*Id.*, ¶¶ 75, PageID #23 & 24.) The gravamen of indictment is that

1

Mr. Murry and his co-defendants purchased oxycodone tablets and counterfeit fentanyl pills branded as oxycodone and redistributed them in the Elyria and Lorain, Ohio areas. (*Id.*, PageID #2.) Mr. Murry allegedly traveled from Detroit, Michigan to Elyria and Lorain to sell these drugs. (*Id.*) The indictment alleges that, in one instance, Mr. Murry sold one person 79 30-milligram oxycodone pills for $3,200. (*Id.*, PageID #5.) On another occasion, according to the indictment, Mr. Murry possessed over 400 grams of oxycodone. (*Id.*, PageID #14.)

Under the advisory Sentencing Guidelines, these charges carry potential penalties of approximately three to six years in prison. Mr. Murry does not appear to have a criminal history. At his arraignment on May 26, 2021, Mr. Murry pled not guilty, and the Magistrate Judge continued his detention. In the Eastern District of Michigan, the Magistrate Judge ordered detention because there were no conditions that would ensure Mr. Murry's appearance in these proceedings. At that time, he expressed an unwillingness to be supervised. Additionally, there was concern about supervision in light of some possible untreated mental health conditions.

## ANALYSIS

Under the Bail Reform Act, the Court may order the temporary release of a defendant detained while he awaits trial "in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Temporary release under Section 3142(i) does not disturb the original detention order and is not a release from custody. *United*

*States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020). Further, the defendant has the burden of establishing circumstances warranting temporary release. *Id.* at *2.

In his motion, Mr. Murry represents that his mother is currently receiving end-of-life care, suffers from serious illnesses that prevent her from traveling, and requires constant medical care, including chemotherapy and radiation treatments for cancer. (ECF No. 52, PageID #209.) He supports his motion with a letter from one of his mother's healthcare providers confirming the various ailments from which she is suffering, including cancer, dementia, and congestive heart failure. (ECF No. 52-1, PageID #212.) The letter also states that she is unable to care for herself and requires around the clock assistance with her activities of daily living. (*Id.*) There is not information before the Court providing a prognosis for Mr. Murry's mother, though there is no dispute she is receiving hospice care.

At the hearing, Mr. Murry's girlfriend of four or five years appeared, Pria Havis. Ms. Havis has known Mr. Murry for about 25 years and expressed a willingness to assume custody of Mr. Murry and assume all the responsibilities that go along with that. Ms. Havis has a full-time job and, based on the information at the hearing, Mr. Murry seeks to stay with his mother while Ms. Havis is working and with Ms. Havis at other times. The two live approximately 15 minutes apart.

The United States opposes Mr. Murry's request, arguing that his mother's health did not previously prevent him from committing crimes and expresses concern that Mr. Murry will reoffend if released even on a temporary basis. (ECF No. 55,

PageID #216.) Nevertheless, the United States requests that, should the Court find that Mr. Murry establishes a compelling reason for temporary release, Mr. Murry be placed under strict pre-trial supervision, including 24/7 electronic monitoring. (*Id*.)

**ORDER**

The motion before the Court presents a close question. Mr. Murry faces serious charges and a lengthy sentence. Other judicial officers have determined that these facts, along with certain other aspects of Mr. Murry's background, warrant detention pending trial. Defendant seeks temporary release to the general area where the conduct giving rise to the charges he faces occurred, and the Court has serious concern that Mr. Murry, in surroundings where he engaged in conduct giving rise to the charges, may fall into familiar habits or commit new offenses, directly or indirectly.

Still, based on the record before the Court, the Court finds that Mr. Murry has carried his burden of establishing circumstances warranting temporary release subject to strict terms and conditions. Specifically, to protect the public adequately and ensure Mr. Murry's appearance in these proceedings, the Court **ORDERS** the following:

(1) The U.S. Pretrial Services Office for the Northern District of Ohio shall supervise Mr. Murry during the period of his temporary release;

(2) Ms. Havis will provide her address and that of the residence of Mr. Murry's mother to Pretrial Services; Ms. Havis shall also supply her cell phone number(s), email address, work phone number, and home phone number to Pretrial Services,

which shall provide any of this information, as needed, to the U.S. Marshals Service or others reasonably necessary to execute and enforce this Order;

(3) Pretrial Services shall outfit Mr. Murry with the equipment necessary for GPS/Stand Alone location monitoring at the Mahoning County Jail, 110 Fifth Avenue, Youngstown, Ohio;

(4) After Mr. Murry is outfitted with the appropriate location monitoring equipment, the U.S. Marshals Service shall place Mr. Murry in the custody of Pria Havis, who may take custody of him at the Mahoning County Jail, 110 Fifth Avenue, Youngstown, Ohio;

(4) Ms. Havis shall directly and immediately transport Mr. Murry to the Eastern District of Michigan;

(5) During his temporary release, Mr. Murry is subject to house arrest and around-the-clock GPS location monitoring; he may only be at Ms. Havis's residence, his mother's, or in transit between the two;

(6) Ms. Havis shall report any violation of the terms of this temporary release order and, as a condition of temporary release, subjects herself to the jurisdiction of the Court to enforce this Order and shall ensure that Mr. Murry returns to the custody of the U.S. Marshals Service no later than that date set forth in this Order; and

(7) Absent a further Order of the Court, on July 12, 2021, Ms. Havis shall return Mr. Murry to the custody of the U.S. Marshals Service in the Northern District

of Ohio, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, 12th Floor, Cleveland, Ohio no later than 12:00 noon; and

(8) As an additional condition of this temporary release, the Court ORDERS Mr. Murry and Ms. Havis to post a $20,000 unsecured bond for which they shall be jointly and severally liable.

Any violation of the terms of this Order shall result in immediate and summary revocation of temporary release and such further sanctions as the Court finds appropriate.

**SO ORDERED.**

Dated: June 30, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio